# 738-15

Markeshia Marshall

2340 Monroe Street

Beaumont, TX 77703

409-455-1777
409-550-7761

Ann Manes

Assistant District Attorney

1001 Pearl St Ste 3000

Beaumont, TX 77701-3549

(HAND DELIVERED)

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 17 2015
Abel Acosta, Clerk

June 12, 2015

**RE:** Case Number 09-13-00333-CR

Trail Court Case 292155

FILED IN
COURT OF CRIMINAL APPEALS
JUN 19 2015
Abel Acosta, Clerk

RECEIVED
JUN 12 2015
CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

**Style:** Markeshia Marshall

V.

The State of Texas

## Pro se PETITION FOR DISCRETIONARY REVIEW

To the said Court in references to this case:

I, Markeshia Marshall, am filing this petition because I have been denied on all

other parts of this appeal. My argument is that the victim is this case has perjured

her. One she file a complaint stating that myself and my family all attacked her.

During the trial she produced photos from a cellphone that was not brought to

court until the day of trial, with no date or time stamp on the photos. It took the

case almost two years to go to trial in which she stated that the phone had been

broken in that process. When asked to be photograph by the crime scene people she did not do it, the officer and others stated that she didn't even have a bruise. The day of trial she produces pictures that she could have altered over the course of the years. When she testified she spoke on Andrea Berry hitting her and this was also not true. The officer in the case was not called as a witness but a Character witness in whom he was not allowed to state the facts that on the day in question she stated that my family attacked her. I was not arrest that day in fact it was several months later that I turned myself in and bonded out. At this time I was advised she had made several statements that Andrea Berry could have harmed her by then and she wanted charges filed against me. I believe in the justices system but I do not think it is right to wrongfully prosecute a person who did not commit the crime they are accused of. I have lost my job and so much due to this charge, and as stated in court the victim did not have a scratch on her face when the police arrived at the scene that day. I am asking that this court review all the information I have submitted to the court to find the truth that I did not assault this lady. Also my lawyer at the time would not subpoena an un-bias witness in the case Brittney Davis who also was question by police. She was not allowed to give her statement to the court and this would have changed the whole process in this case. The truth would have been form a third party who had nothing to do with this. I am pleading with the court to look into this case and reverse this decision.

Sign _Markeshia Marshall_
6-12-15

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00333-CR
_____

MARKESHIA MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 3
Jefferson County, Texas
Trial Cause No. 292155

## MEMORANDUM OPINION

A jury found appellant Markeshia Marshall guilty of assault, a Class A misdemeanor. The trial court assessed punishment at ninety days in county jail, probated for one year, and imposed a $500 fine as a condition of probation.

Marshall's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided

1

Marshall with a copy of this brief. We granted an extension of time for Marshall to file a pro se brief. Marshall filed a pro se brief raising a number of issues on appeal.

The appellate court need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error. Or, [we] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the clerk's record and the reporter's record, and we agree with Marshall's appellate counsel that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief Marshall's appeal. *See id.; compare Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

---

[1]Marshall may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

_____
CHARLES KREGER
Justice

Submitted on November 4, 2014
Opinion Delivered May 13, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

3